# Exhibit 1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| SHANNON ARBUTHNOT, individually and on behalf of all others similarly situated, | **Case No. 6:22-cv-658-PGB-DCI** |
| *Plaintiff,* | |
| v. | |
| ACUITY – CHS, LLC f/k/a COMPREHENSIVE HEALTH SERVICES LLC, | |
| *Defendant.* | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between (1) Shannon Arbuthnot ("Plaintiff"), on behalf of herself and a class of similarly situated individuals, and (2) Acuity – CHS, LLC ("Acuity" or "Defendant") (all parties collectively referred to as the "Parties").

## RECITALS

**WHEREAS**, on April 4 2022, Plaintiff filed a putative class action styled, *Arbuthnot v. Acuity – CHS, LLC*, Case No. 6:22-cv-658-PGB-DCI (United States District Court, Middle District of Florida), alleging that Acuity failed to adequately safeguard its patients' electronically stored personally identifiable information ("PII") in connection with a cybersecurity incident announced by Acuity on or about February 15, 2022 ("Data Breach").

**WHEREAS**, Plaintiff alleged causes of action against Acuity for: (i) negligence; (ii) unjust enrichment; and; (iii) negligence *per se*. Plaintiff and the putative class sought monetary and equitable relief.

**WHEREAS**, on May 27, 2022, Acuity filed a Motion to Dismiss Plaintiffs' Complaint as a whole for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Acuity's Motion to Dismiss was fully briefed on July 18, 2022.

1

**WHEREAS**, while Acuity's Motion to Dismiss was still pending and after formal discovery, the Parties agreed to engage in voluntary settlement negotiations;

**WHEREAS**, after multiple weeks of arms'-length negotiation between competent and experienced counsel for the Parties, on February 2, 2023 the Parties agreed to the terms of a settlement, desiring to resolve the Lawsuit rather than continue litigating;

**WHEREAS**, Plaintiff and her counsel believe that, in consideration of all the circumstances, and after prolonged and serious arm's-length settlement negotiations with Acuity, the proposed settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of all members of the Settlement Class (as defined in paragraph 1 below);

**WHEREAS**, Acuity indicated its intent to contest every claim in the Lawsuit and maintains that it has consistently acted in accordance with governing laws, but after prolonged and serious non collusive and arm's-length settlement negotiations with Plaintiff's counsel and considering the expenses that would be necessary to defend the Lawsuit and the benefits of a final resolution of the Lawsuit, concluded that it is in its best interests to settle the Lawsuit on the terms and conditions in the Settlement Agreement;

**WHEREAS**, based on their evaluation of the facts and the law, Plaintiff and her counsel John A. Yanchunis and Patrick Barthle of Morgan & Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC (hereinafter "Class Counsel") have agreed to settle the Lawsuit after considering such factors as (1) the benefits to the Settlement Class; (2) the risk, uncertainty, cost, and delay of litigation; and (3) the desirability of obtaining relief for Plaintiffs and the Settlement Class now rather than later (or not at all);

**WHEREAS**, Plaintiff and Class Counsel have determined that the Settlement Agreement provides substantial benefits to the Settlement Class and represents a fair, reasonable, and adequate settlement of the claims that are or could have been alleged in the Lawsuit;

**WHEREAS**, Acuity and its counsel have made similar determinations, and, while denying wrongdoing, liability and fault, Acuity enters into the Settlement Agreement to avoid the expense, inconvenience, and inherent risk of litigation, as well as the concomitant disruption of its business operations.

## <u>CERTIFICATION OF SETTLEMENT CLASS</u>

1.  **<u>The Settlement Class</u>**: The Settlement Class is defined as follows:

2

All persons to whom Defendant sent Notice of the Data Security Incident that gives rise to this suit (the "Data Security Incident").

Specifically excluded from the Settlement Class are: (i) Acuity's officers and directors; (ii) any entity in which Acuity has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Acuity (not including employees). Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class is estimated to include approximately 106,910  individuals.

2.    **Certification of Settlement Class**: Promptly after execution of the Settlement Agreement, Class Counsel will ask the Court to issue an order certifying the Settlement Class for settlement purposes only.  Acuity agrees not to object to this request without waiver of its right to contest certification or the merits of the Lawsuit if the settlement does not receive final approval or the Effective Date (defined in paragraph 14 below) does not occur.

## RELIEF TO THE SETTLEMENT CLASS

3.    **Relief to the Settlement Class**: If the proposed settlement receives final approval, Acuity will provide benefits to members of the Settlement Class ("Settlement Class Members") who do not submit a timely written request for exclusion from the Settlement Class as follows:

a.    Compensation or Out-of-Pocket Losses and Lost Time: Acuity will agree to make available the following compensation to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Claims Administrator;

b.    Compensation for Ordinary Losses: Acuity will reimburse documented out of pocket expenses incurred as a result of the Data Security Incident, up to a maximum of $500.00 per person, upon submission of a claim and supporting documentation, such as the following losses:

i.    Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

ii.    Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between the date of the incident (September 30, 2020) and the date of the Settlement Agreement;

3

      iii.   Compensation for up to 3 hours of lost time, at \$20/hour, for a maximum of up to \$60 per person, if at least one full hour was spent dealing with the Data Breach. Class members may submit claims for up to 3 hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Security Incident.  This payment shall be included in the \$500 per person cap for Compensation for Documented Out-of-Pocket Losses and Lost Time.

      iv.   This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, but is exemplary.  Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Security Incident or to mitigating the effects of the Data Security Incident.  The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Security Incident.

c.   <u>Compensation for Extraordinary Losses</u>: Acuity will provide up to a maximum of \$3,500.00 per person in compensation to each claimant who was the victim of actual documented identity theft for proven monetary loss if:

      i.      The loss is an actual, documented, and unreimbursed monetary loss;

      ii.     The loss was more likely than not caused by the Data Security Incident;

      iii.     The loss occurred between September 30, 2020 and the date of the Settlement Agreement;

      iv.     The loss is not already covered by one or more of examples of out-of-pocket loss listed above; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

d.   <u>Credit Monitoring</u>: Acuity will pay for credit monitoring services as follows:

Settlement Class Members shall be offered an opportunity to enroll in an additional 2 years of credit monitoring.

4

**4.**     **Improved Security Measures:** To ensure the protection of the PII of Plaintiff and Settlement Class Members, Acuity has implemented security-related improvements related to its cybersecurity since the Data Security Incident. Acuity agrees to provide Class Counsel with information regarding these improved security-related measures implemented by Acuity no later than 60 days after execution of the Settlement Agreement.

**5.**     **Confirmatory Discovery:** Acuity shall provide confidential, discrete, and tailored confirmatory discovery for establishing the appropriateness of the settlement terms as contemplated under Federal Rule of Civil Procedure 23(b)(1) to Class Counsel. The confidential discovery period will begin on the execution of the Settlement Agreement between the Parties and will conclude no later than 60 days thereafter.

**6.**     **Claims Payments**.

(a)     <u>Payments</u>. For all approved claims, the Claims Administrator shall provide to Acuity a list that includes the names of all approved claimants, the dollar amount and type of the claim and, if requested, the documentation that supports the claim. Acuity shall have 10 business days from the date the documentation is provided to advise the Claims Administrator and Class Counsel if Acuity disputes any approved claim. Within 15 business days of the Effective Date, Acuity shall pay into a Settlement Fund administered by the Claims Administrator an amount sufficient to pay all approved claims that are not disputed.  As to any approved claim that is disputed, within 5 business days after being advised in writing that Acuity disputes the claim, the Claims Administrator shall provide to the Claims Referee all information related to the disputed claims and within 5 business days thereafter Acuity shall provide to the Claims Referee any information upon which Acuity disputes that claim. The Claims Referee shall as soon thereafter as is reasonably practicable uphold or reverse a disputed claim and advise the Claims Administrator, Acuity and Class Counsel of the Claims Referee's decision. For any disputed claim upheld by the Claims Referee, within 5 business days thereafter, or within 15 business days of the Effective Date, whichever is later, Acuity shall pay into the Settlement Fund the amount necessary for the Claims Administrator to pay that claim. Acuity shall have no obligation to pay any claim that Acuity disputes and the Claims Referee determines should not be paid. Payments will be paid to Settlement Class Members by the Claims Administrator as soon as reasonably practicable after Acuity funds payment of the approved claim in accordance with this Settlement Agreement. A copy of the claim form agreed to by the parties is attached as **Exhibit A**.

(b)     <u>Returned Checks</u>: If a check is returned as undeliverable, the Claims Administrator will re-mail the check if a forwarding address is provided. If a new address is not provided, or if the check is re-mailed and returned, the check will be

5

cancelled and Acuity will have no further obligation to attempt to make a payment to that Settlement Class Member.

(c)     Uncashed/Cancelled Checks: Checks shall be valid for 90 days from the date of issue. A Settlement Class Member whose check is uncashed after the 90-day period may request a new check for up to 6 months from the date of the original check. Upon request, the Claims Administrator will provide Class Counsel and Acuity with a report on uncashed or cancelled checks. If a check remains uncashed for more than 270 days after the original date of issuance by the Claims Administrator, those funds will be awarded to a mutually agreed upon *cy pres* recipient.

### 7.     Attorneys' Fees, Costs, and Expenses:

Class Counsel and Plaintiff agree not to seek or accept attorneys' fees, costs, and expenses ("Class Counsel Payment") greater than $255,000.00. Class Counsel will move  for approval of the Class Counsel Payment at least 30  days before the deadline for Settlement Class Members to Exclude themselves or Object, or any other deadline set by the Court. Acuity will pay the amount approved by the Court that does not exceed $255,000.00. The cap on Class Counsel Payment was negotiated after the primary terms of the settlement were negotiated.

The Court-approved Class Counsel Payment will not affect any benefits provided to Settlement Class Members or Plaintiffs. Acuity shall pay the Court-approved Class Counsel payment in addition to the costs of costs of settlement administration and notice. Acuity will pay the Court-approved Class Counsel Payment within 10 business days of the Effective Date or the Court's Order approving this award, whichever is later, by wire transfer to the attorney-client trust account of Class Counsel (Milberg Coleman Bryson Phillips Grossman, PLLC IOLTA Account at Banco Popular, San Juan, Puerto Rico), so long as the necessary documentation, including completed and executed tax reporting forms, is provided by co-Class Counsel. Acuity's obligations with respect to the Court-approved Class Counsel Payment shall be fully satisfied upon receipt of the funds by Class Counsel. Class Counsel will be responsible for any loss that may occur after receipt of the funds and for allocating the Court-approved Class Counsel Payment among Class Counsel or others. Acuity will have no responsibility or liability in connection with the allocation of the Court-approved Class Counsel Payment, or for any tax obligations or payments associated with the payment. Class Counsel will bear all liability, and Acuity will bear no liability (beyond the Court-approved Class Counsel Payment itself) in connection with any claim for payment made by any attorney or service provider who claims to have rendered services to, for, or on behalf of Plaintiff, any Settlement Class Member, or Class Counsel in connection with the Lawsuit and this settlement.

Except for the Court-approved Class Counsel Payment, Class Counsel will be responsible for all fees, costs, and expenses incurred by Plaintiff or Class Counsel in connection with the Lawsuit. No interest will accrue with respect to the Court-approved Class Counsel Payment.

**8.    Settlement Administration:**

(a)    The Parties will choose a third-party Claims Administrator ("Claims Administrator") to provide notice of the settlement to the Settlement Class and otherwise administer the settlement in accordance with this Agreement, subject to the approval of the Court. The Claims Administrator will administer the settlement, including (i) providing the Short Form Notice, either by postcard notification of the proposed settlement to the same population as Acuity's pre-Lawsuit Data Security Incident notification, or by email notification when valid email addresses are available; (ii) create and host a Settlement Website, publicly accessible for at least 6 months after the Effective Date, dedicated to providing information related to this Lawsuit, including access to relevant publicly available court documents relating to this Lawsuit, the settlement and the Settlement Agreement, including the Short Form Notice (in postcard/short/email format) and Long Form Notice of the settlement (attached hereto as **Exhibits B and C**, respectively), and provide Settlement Class Members with the ability to submit claims and supporting documentation for compensatory relief on the Settlement Website or to download claim forms from the Settlement Website and submit the claim forms for compensatory relief with supporting documentation via first-class U.S. mail; (iii) maintaining a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement Agreement; (iv)  post notification of the proposed settlement on the Settlement Website, which notification will be retained on the Settlement Website for a period of at least 90 days after the Effective Date; (v) processing claims and supporting documentation submissions, and the provision of approved payments to Settlement Class Members; (vi) processing requests for exclusion from Settlement Class Members; (vii) within 10 days after the filing of the motion to permit issuance of notice, the Claims Administrator acting on behalf of Acuity shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b); and (viii) any other provision of the Settlement Agreement that relates to the settlement and claims administration. Upon reasonable notice, the Claims Administrator and Acuity will make available for inspection by Class Counsel information reasonably necessary for Class Counsel to confirm that the Claims Administrator and Acuity have complied with the settlement administration aspects of the Settlement Agreement.

(b)    Review and Assistance: Class Counsel and Acuity will be permitted to audit and review actual (or summary reports on) claims made, claims approved or

7

denied, checks issued, calculation of benefits under the settlement, returned checks and uncashed checks to assist with (1) the effectuation of the settlement, and (2) the Parties' mutual desire to reasonably ensure that the benefits are administered in a manner to attempt to reach each Settlement Class Member.

(c)     <u>Cost of Settlement Administration</u>: Acuity will be responsible for the cost of settlement administration and notice, including the payment of the Claims Administrator and the Claims Referee, if needed. The cost of settlement administration will not affect any benefit provided to Settlement Class Members, including Plaintiff. Except for the Court-approved Class Counsel Payment, Acuity will not be responsible for, and will not pay, any additional costs or fees incurred by Plaintiff or Class Counsel with respect to the negotiation, implementation, or administration of the settlement, or any costs incurred by any Settlement Class Member in connection with participating in, opting out of, or objecting to the settlement.

(d)     <u>Dispute Resolution</u>: In the event of a dispute over the validity of a claim, or a dispute over the denial of a check reissuance request, Settlement Class Members shall be entitled to submit their claim to a Claims Referee.  Settlement Class Members must first notify the Claims Administrator that they intend to pursue the dispute resolution process, and Acuity will have the option, at its sole discretion, to negotiate with the Settlement Class Member to attempt to resolve the dispute, provided that Acuity provides prior written notice to Class Counsel of its intent to do so. If Acuity elects not to undertake a negotiation process or the process does not resolve the dispute within 30 days from the date the Settlement Class Member notifies the Claims Administrator of the dispute, the Settlement Class Member may then submit the claim to the Claims Referee. Acuity will provide notice to Class Counsel of any claims submitted to the Claims Referee. The Claims Referee's findings will be final and binding on both parties. Acuity will pay the Claims Referee's fees for the dispute resolution process. Settlement Class Members and Acuity will each bear their own attorneys' fees and any other costs of the dispute resolution process, if any. Class Counsel will have the option, but not the obligation, to participate in the dispute resolution process.

(e)     In the event of a dispute over the validity of a claim, or a dispute over the denial of a check reissuance request, so that the services of a Claims Referee are required, Class Counsel and Acuity will promptly meet and confer to reach agreement on selection of a Claims Referee. If the Parties are unable to reach agreement within 3 business days, either side may ask the Court before whom this matter is filed to appoint a Claims Referee.

**9.**     **<u>No Other Financial Obligations on Acuity</u>:** Acuity will not be obligated to pay any fees, expenses, or costs in connection with the Lawsuit or the Settlement

Agreement other than the amounts and categories specifically provided for in the Settlement Agreement.

**RELEASE**

10.   **Release:**   Upon the Effective Date, Plaintiff named in this Settlement Agreement and Release and every Settlement Class Member (except those who timely opt-out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Acuity, all subsidiary, parent and related entities, all officers, directors, shareholders, employees, attorneys, insurers, successors, and persons who acted on their behalf from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to (a) the Data Security Incident; and (b) all other claims or causes of action that were pleaded, or that could have been pleaded based on the Data Security Incident and/or Acuity's response to the Data Security Incident in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

Plaintiff waives any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff agrees that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement, and agree that this is an essential term of the Settlement Agreement. Plaintiff and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiff and Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

11.   **No Release of Unrelated Claims:**   Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not

9

apply to any litigation or claim not related to or arising out of the Data Security Incident, or any such litigation or claims pending against Acuity.

## SETTLEMENT APPROVAL PROCESS

12.    **Preliminary Approval Order:** Plaintiff will move the Court for a preliminary order approving the Settlement Agreement (the "Preliminary Approval Order") promptly after the Settlement Agreement has been fully executed. A copy of the proposed Preliminary Approval Order is attached as **Exhibit D**.

13.    **Class Notice:** Within ten (10) days after entry of the Preliminary Approval Order, Acuity will provide a class list to the Claims Administrator with the last-known names, addresses, and emails (if any) of the Settlement Class Members. Within 30 days after entry of the Preliminary Approval Order (the "Notice Deadline"), the Claims Administrator will send the Short Notice (entitled "Notice of Proposed Class Action Settlement") (attached as **Exhibit B**) to Settlement Class Members by U.S. mail or email, if available, which notice will advise that Settlement Class Members have 90 days from the date the Short Form Notice is sent to submit a claim for compensation. The Claims Administrator will send Settlement Class Members to whom Acuity previously mailed notice of the Data Security Incident the above notice via U.S. mail or, if a valid email address is available, by email. Before mailing the notice, the Claims Administrator will update the Settlement Class Members address through a reliable service of the Claims Administrator's choosing that is consistent with its customary business practices. If a notice is returned to the Claims Administrator as undelivered and a forwarding address is provided, the Claims Administrator will re-mail one additional time to the new address. If a notice that has been emailed is returned as undeliverable, the Claims Administrator shall attempt one additional email execution, and, if not successful, the Claims Administrator shall send the notice by U.S. mail.

14.    **Right of Exclusion:** Settlement Class Members who submit a timely written request for exclusion from the Settlement Class will be excluded from the Settlement Class. Only Settlement Class Members who do not submit a timely written request for exclusion from the Settlement will remain Settlement Class Members entitled to receive benefits pursuant to this Settlement Agreement. A request for exclusion must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the Acuity lawsuit." The request must be mailed to the Claims Administrator at the address provided in the Class Notice no later than 60 days after the Notice Deadline, or any other date set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed by the deadline will be invalid, and the person

10

submitting the request will remain a Settlement Class Member. A Settlement Class Member who cashes a check from Acuity or submits a valid claim form is not eligible for exclusion, and any request for exclusion will be invalid. Class Counsel will file a list of Settlement Class Members requesting exclusion with the Court. If more than two percent of the Settlement Class Members request exclusion, Acuity will have 5 business days from the date it receives written notice from the Claims Administrator of the final number of opt-outs to elect whether or not to cancel this agreement and render the settlement void and of no effect. A copy of the Exclusion Form is attached as **Exhibit F**.

15. **Right to Object:** Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class may object to the settlement and may appear in person or through counsel, at his or her own expense, at the final approval hearing to present any relevant evidence or argument. No Settlement Class Member will be heard and no papers submitted by any Settlement Class Member will be considered unless, no later than 60 days after the Notice Deadline, or any other date set by the Court, the Settlement Class Member files with the Court and mails to Class Counsel and Acuity's counsel written objections that include: (1) the title of the case; (2) the Settlement Class Member's name, address, and telephone number; (3) all legal and factual bases for any objection; and (4) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived any objections. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this Section. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Order and Judgment approving this Settlement Agreement, or any other judgment entered thereon shall be pursuant to appeal under the Federal Appellate Rules of Procedure and not through a collateral attack.

16. **Final Judgment Order:** At the final approval hearing, the parties will ask the Court to enter final judgment (the "Final Judgment and Order"). A copy of the proposed Final Judgment and Order is attached as **Exhibit E**. In the event that the Settlement Agreement is not granted final approval by the Court: (i) the Parties shall be restored to their respective positions in the Lawsuit and shall jointly request that all scheduled deadlines in the Lawsuit be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, unless the Parties

11

mutually agree in writing to proceed with the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Acuity shall be obligated to pay amounts already billed or incurred for costs of notice and claims administration, and shall not, at any time, seek recovery of same from any other Party to the Lawsuit or from counsel to any other Party to the Lawsuit.

17. **Finality of Judgment:** The Final Judgment and Order will be deemed final, and the Effective Date will occur: (a) 35 days after the Final Judgment and Order is entered if no notice of appeal or motion tolling the time for appeal is filed; or (b) if any such document is filed, 14 days after all appellate proceedings (including proceedings in the Court in the event of a remand) have been finally terminated and the Settlement Agreement has been finally approved in all material respects.

## MISCELLANEOUS PROVISIONS

18. **Integration and Drafting:** The Settlement Agreement was drafted and negotiated by counsel for the Parties at arm's length. It sets forth the entire agreement among the Parties.

19. **Amendment, Court Approval, Extensions:** The Settlement Agreement may not be amended without the written consent of all Parties and approval of the Court; provided, however, that the Parties may agree to reasonable extensions of time to carry out any provision of the Settlement Agreement, and provided further that any extension of more than 30 days must be approved by the Court.

20. **Construction:** The Settlement Agreement has been drafted by all Parties and shall not be construed for or against any of the Parties.

21. **Integration of Exhibits:** The exhibits to the Settlement Agreement are incorporated by reference and are an integral part of the Settlement Agreement.

22. **Counterparts:** The Settlement Agreement may be executed in counterparts, each of which will be considered an original. Executed signature pages are valid and enforceable whether they are originals or copies, and whether transmitted by facsimile, email, or any other means.

23. **No Evidence, No Admission:** In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its release). Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations will be offered or received as evidence, or as an admission or concession, by any person of any matter, including but not limited to any alleged

12

wrongdoing on the part of Acuity or the appropriateness of certification of any class. By entering into this Settlement Agreement Acuity does not admit liability or fault.

24. **Tax Consequences:** Acuity gives no opinion as to the tax consequences of the settlement to Settlement Class Members or anyone else. Each Settlement Class Member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Settlement Class Member or other person. Acuity will act as it determines is required by the Internal Revenue Code in reporting any settlement benefit provided pursuant to the Settlement Agreement.

25. **Cooperation in Effecting Settlement:** The Parties, their successors and assigns, and their attorneys will implement the Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of the Settlement Agreement, cooperate with one another in seeking Court approval of the Settlement Agreement, and use their best efforts to affect the prompt consummation of the Settlement Agreement.

26. **Publicity:** The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. Notwithstanding the foregoing, the Parties may include on their websites or provide to Settlement Class Members, the notice, any signed orders from the Court regarding the settlement, and may respond to inquiries from Settlement Class Members regarding the substance of the settlement, provided however that such responses shall in no way be disparaging to a Party. Acuity may, at its sole discretion, make a public statement about its operating procedures, or changes to these procedures, relating to cybersecurity.

27. **Authority to Execute Agreement:** Each person executing the Settlement Agreement represents that he or she is authorized to execute it.

Shannon Arbuthnot (Apr 3, 2023 12:19 PDT)

**Shannon Arbuthnot**

Apr 3, 2023

Date:

**ACUITY – CHS, LLC**

Signature

13

By: _____
      Name

      _____
      Title

Date: _____


**Approved as to Form by Counsel:**

**MORGAN & MORGAN**
**Attorneys for Plaintiff and the Settlement Class**

_____
John A. Yanchunis (Apr 3, 2023 08:57 EDT)
_____
John A. Yanchunis


Date: Apr 3, 2023
_____

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
**Attorneys for Plaintiff and the Settlement Class**

*David Lietz*
David Lietz (Mar 31, 2023 12:29 EDT)
_____
David K. Lietz


Date: Mar 31, 2023
_____


**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Acuity – CHS, LLC


_____

Jon Kardassakis


Date: _____

14

wrongdoing on the part of Acuity or the appropriateness of certification of any class. By entering into this Settlement Agreement Acuity does not admit liability or fault.

24.    **Tax Consequences:** Acuity gives no opinion as to the tax consequences of the settlement to Settlement Class Members or anyone else. Each Settlement Class Member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Settlement Class Member or other person. Acuity will act as it determines is required by the Internal Revenue Code in reporting any settlement benefit provided pursuant to the Settlement Agreement.

25.    **Cooperation in Effecting Settlement:** The Parties, their successors and assigns, and their attorneys will implement the Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of the Settlement Agreement, cooperate with one another in seeking Court approval of the Settlement Agreement, and use their best efforts to affect the prompt consummation of the Settlement Agreement.

26.    **Publicity:** The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. Notwithstanding the foregoing, the Parties may include on their websites or provide to Settlement Class Members, the notice, any signed orders from the Court regarding the settlement, and may respond to inquiries from Settlement Class Members regarding the substance of the settlement, provided however that such responses shall in no way be disparaging to a Party. Acuity may, at its sole discretion, make a public statement about its operating procedures, or changes to these procedures, relating to cybersecurity.

27.    **Authority to Execute Agreement:** Each person executing the Settlement Agreement represents that he or she is authorized to execute it.

_____

**Shannon Arbuthnot**

_____

Date:

**ACUITY – CHS, LLC**

_____

Signature

13

By: _JEFFERY D. RUPERT_
      Name

_CHIEF LEGAL OFFICER_
      Title

Date: _4/3/2023_

**Approved as to Form by Counsel:**

**MORGAN & MORGAN**
**Attorneys for Plaintiff and the Settlement Class**

_____

John A. Yanchunis

Date: _____

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
**Attorneys for Plaintiff and the Settlement Class**

_____

David K. Lietz

Date: _____

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Acuity – CHS, LLC

_____

Jon Kardassakis

Date: _4/3/2023_

14

# EXHIBIT A

## <u>ACUITY DATA BREACH</u><br><u>CLAIM FORM</u>

This Claim Form should be filled out and submitted by mail if you were sent Notice of the Data Security Incident that involved Acuity – CHS, LLC ("Acuity") that was announced on or about February 15, 2022.

You may receive a payment if you properly and timely complete and submit this Claim Form, the settlement is approved, and you are found to be eligible for a payment.

The Notice describes your legal rights and options.  You can obtain the Notice and further information about the Lawsuit, the Settlement Agreement and Release ("Settlement Agreement"), and your legal rights and options on the official Settlement Website, www._____.com, or by calling 1-xxx-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 2023 to be considered for payment. You can submit your claim for a settlement award in two ways:

1. Online at www._____.com by following instructions on the "Submit a Claim" page; or

2. By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Claim Form may be submitted per Settlement Class Member.

## 1.      CLASS MEMBER INFORMATION (REQUIRED)

Name (First, Middle Initial, Last):

_____

Address: _____

City: _____   State: _____   Zip Code: _____

Phone: _____   Email (if any): _____

Also, please provide the Class Member ID the Claims Administrator provided to you in the letter or email notifying you of the Settlement. If you do not have this information but believe you may be a class member, please contact the Claims Administrator at <<Phone Number>>.

Class Member ID: _____

## 2.      PAYMENT ELIGIBILITY INFORMATION AND CREDIT MONITORING SERVICES (REQUIRED)

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Section 3 of the Settlement Agreement (available at www._____.com).  You may select any or all of the awards for which you are eligible.

1

### A.  Lost-Time Reimbursement.

You may be eligible for reimbursement of up to three (3) hours of lost time spent dealing with issues related to the Data Security Incident (at $20 per hour with a maximum payment for lost time of $60) with an attestation that you spent the number of hours claimed responding to issues raised by the Data Security Incident.

You must have spent at least one full hour to make a claim. Check only one box.

How much time did you spend (check one)?

  □ 1 Hour ($20) □ 2 Hours ($40) □ 3 Hours ($60)  □ None or less than one hour

**Attestation**

  □ I swear and affirm that I spent the number of hours claimed above responding to issues raised by the Data Breach.

### B.  Documented Ordinary Out-of-Pocket Expenses.

You may receive reimbursement for documented out-of-pocket expenses or costs incurred as a result of the Data Security Incident, up to a total of $500.  The maximum amount Acuity is required to pay per Claim for ordinary out-of-pocket expenses is $500. To do so, (1) itemize your expenses or out-of-pocket costs in the chart below; (2) sign the certification at the end of this Claim Form, attesting that all information submitted is true and correct, that you incurred these expenses as a result of the Data Security Incident, and that none of your claimed out-of-pocket expenses have already been reimbursed by any other source; (3) include with this Claim Form documentation supporting each claimed expense or cost; and (4) provide your address above.

*Documentation is required for claimed expenses. You must provide documentation to claim reimbursement.*

| Date | Description | Amount |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |

                                                    **Total:** _____

**Documentation:** Attach supporting documentation. For example, a bank statement showing claimed fees (you may redact unrelated transactions and all but the last four digits of any account number).

### C.  Documented Out-Of-Pocket- Extraordinary Expense Reimbursement.

A Settlement Class Member who was the victim of actual documented identity theft may receive reimbursement for documented extraordinary out-of-pocket expenses or costs incurred as a result of

2

the Data Breach, up to $3,500.  The maximum amount Acuity is required to pay per Claim for out-of-pocket extraordinary expenses is $3,500.  To do so, (1) the loss must be an actual, documented and unreimbursed monetary loss; (2) the loss must be more likely than not caused by the Data Security Incident; (3) the loss must have occurred between September 30, 2020 and the date of the Settlement Agreement; and (4) the loss must not be already covered by one or more of the reimbursement categories listed for Ordinary Expenses and you must have made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Include with this Claim Form documentation supporting each claimed expense or cost and provide your address above.

*You must provide documentation of identity theft and documentation of the claimed expense with a detailed description below or in a separate document submitted with this Claim Form.*

| Date | Description | Amount |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |

**Total:** _____

### 3.      CREDIT MONITORING SERVICES

All Settlement Class Members may claim two (2) years of free credit monitoring services.

☐ Yes, I want to claim two (2) years of free Credit Monitoring services.

If you select "YES" for this benefit, you will be mailed an activation code and instructions to the address you provided in Section 1 above after the Settlement is final. You will need to follow the instructions and use the activation code that you receive in the mail to enroll in the credit monitoring services. Credit monitoring protections will not begin until you use your activation code to enroll in the services. If you prefer to receive your instructions and activation code by email rather than by mail, please provide your email address below:

Email address: _____

### 4.     PAYMENT METHOD

**If you prefer to receive payment via Venmo, PayPal, Zelle, Prepaid Mastercard or Direct Deposit (instead of a check), you must submit a Claim Form online on the Settlement Website at www._____.com.5.     CERTIFICATION**

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

3

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, 202_.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

4

# EXHIBIT B

# If Acuity – CHS, LLC. Notified You of a Data Breach, You May be Eligible for Payment from a Class Action Settlement

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web*

A proposed Settlement has been reached in a class action lawsuit known as *Arbuthnot v. CHS, LLC*, Case No. 6:22-cv-658-PGB-DCI (M.D. FL 2022).This lawsuit arises out of a Data Security Incident that was announced by Acuity – CHS, LLC ("Acuity or Defendant") on or about February 15, 2022. The incident involved an unauthorized person gaining access to certain Acuity systems containing personally identifiable information ("PII"). The PII that was potentially accessed during the Data Security Incident varies but may have included for some persons names and Social Security numbers,.

## WHO IS INCLUDED?

You are included in the Settlement as a Settlement Class Member if you were sent Notice of the Data Security Incident that involved Acuity – CHS, LCC on or about February 15, 2022.

## WHAT DOES THE SETTLEMENT PROVIDE?

Settlement Class Members can receive the following benefits from the Settlement: (1) compensation for Out-of-pocket losses and Lost Time up to a maximum of $500 per Settlement Class Member for documented out-of-pocket expenses, (2) reimbursement for up to three (3) hours of lost time spent dealing with the Data Security Incident ($20 per hour for a maximum of $60 per Settlement Class Member), which counts toward the maximum of $500 per Settlement Class Member for Compensation for Ordinary Losses and (3) for a Settlement Class Member who was the victim of actual documented identity theft reimbursement for extraordinary losses up to $3,500 for documented expenses.  Acuity has also implemented security-related improvements related to its cybersecurity since the Data Security Incident. Settlement Class Members may also claim two (2) years of free credit monitoring services.

**The only way to receive benefits from the proposed Settlement is to file a claim.** Claim Forms may be submitted online or mailed to the Settlement Administrator at: In re: _____, c/o _____ Settlement Administration, P.O. Box _____, _____ .  The deadline to file a claim is _____.

## WHAT ARE YOUR OPTIONS?

- **Do nothing.** You will not receive any benefits from the Settlement. You will be legally bound by decisions of the Court, and you give up your right to sue Acuity relating to the claims resolved by this Settlement.
- **Exclude Yourself.** If you do not want to be included in the Settlement, you must submit a written request to the Settlement Administrator, Settlement Class Counsel, and **Acuity's** Counsel by **Month 00, 202_**.  You will keep your right to sue **Acuity** about the claims in this case, but you will not receive settlement benefits. Detailed instructions on how to exclude yourself are found at _____.
- **Object/Comment**. You have the right to object to or comment on the Settlement and still get benefits. If you want to object to or tell the Court what you think about the Settlement, you must submit your objection/comment in writing by **Month 00, 202_**. Detailed instructions on how to object or comment are found at _____.

The Court has scheduled a Final Approval Hearing for the Settlement of this case on [Month, day, year] _____ to consider: (1) whether to approve the Settlement; (2) any objections; and (3) Plaintiff's request for an award of attorneys' fees and costs of up to $255,000. You may attend the Final Approval Hearing and ask to be heard by the Court, but you do not have to attend.

This is only a summary. For more information about the settlement and benefits, visit _____ or call _____.

# EXHIBIT C

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

## If Acuity – CHS, LLC. Notified You of a Data Security Incident, You May be Eligible for Payment from a Class Action Settlement

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

- A proposed Settlement has been reached in a class action lawsuit known as Arbuthnot v. CHS, LLC, Case No. 6:22-cv-658-PGB-DCI (M.D. FL 2022).This lawsuit arises out of a Data Security Incident that was announced by Acuity – CHS, LLC ("Acuity or Defendant") on or about February 15, 2022. The incident involved an unauthorized person gaining access to certain Acuity systems containing personally identifiable information ("PII"). The PII that was potentially accessed during the Data Security Incident  varies but may have included for some persons names and Social Security numbers,.

- All Settlement Class Members who timely submit claims can receive the following benefits from the Settlement: (1) compensation for Out-of-pocket losses and Lost Time up to a maximum of $500 per Settlement Class Member for documented out-of-pocket expenses, and may include reimbursement for up to three (3) hours of lost time spent dealing with the Data Security Incident (at $20 per hour), and (2) a Settlement Class Member who was the victim of actual documented identity theft may claim reimbursement for extraordinary losses up to $3,500 for documented expenses. Acuity has also implemented security-related improvements related to its cybersecurity since the Data Security Incident..

- Credit Monitoring: Settlement Class Members will also have the opportunity to enroll in two (2) years of credit monitoring services.

- You are included in the Settlement as a Settlement Class Member if you were sent Notice of the Data Security Incident  that involved Acuity – CHS, LLC ("Acuity") Data Security Incident that was announced by Acuity on or about February 15, 2022.

**This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.**

**Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim and/or Receive Credit Monitoring** | **You must submit a Valid Claim to get money and credit monitoring from this Settlement.**<br>Claim Forms must be submitted online by \_\_\_\_\_ **p.m.** _____ **Time** or, if mailed, postmarked no later than \_\_\_\_\_. |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br>You give up your rights to sue and you will not get any benefits from the Settlement. |
| **Exclude Yourself** | **Get out of the Settlement. Get no Settlement Benefits. Keep your rights.**<br>This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not receive settlement benefits.<br>Your request to exclude yourself must be postmarked no later than \_\_\_\_. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be postmarked no later than \_\_\_\_**.** |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br>The Final Approval Hearing is scheduled for _____. |

1

## WHAT THIS NOTICE CONTAINS

**Basic Information**.................................................................................................................**Pages 3**

   1.   How do I know if I am affected by the Lawsuit and Settlement?
   2.   What is this case about?
   3.   Why is there a Settlement?
   4.   Why is this a class action?
   5.   How do I know if I am included in the Settlement?

**The Settlement Benefits**.................................................................................................**Pages 4-5**

   6.   What does this Settlement provide?
   7.   How to submit a Claim?
   8.   What am I giving up as part of the Settlement?
   9.   Will the Class Representatives receive compensation?

**Exclude Yourself**...............................................................................................................**Page 6**

   10.  How do I exclude myself from the Settlement?
   11.  If I do not exclude myself, can I sue later?
   12.  What happens if I do nothing at all?

**The Lawyers Representing You**.......................................................................................**Page 6**

   13.  Do I have a lawyer in the case?
   14.  How will the lawyers be paid?

**Objecting to the Settlement**............................................................................................**Page 7-8**

   15.  How do I tell the Court that I do not like the Settlement?
   16.  What is the difference between objecting and asking to be excluded?

**The Final Fairness Hearing**.............................................................................................**Page 8**

   17.  When and where will the Court decide whether to approve the Settlement?
   18.  Do I have to come to the hearing?
   19.  May I speak at the hearing?

**Do Nothing**.......................................................................................................................**Page 8**

   20.  What happens if I do nothing?

**Get More Information**.......................................................................................................**Page 8**

   21.  How do I get more information about the Settlement?

2

BASIC INFORMATION

## 1. How do I know if I am affected by the Lawsuit and Settlement?

You are a Settlement Class Member if you are one of the approximately 106,910 persons who were sent Notice of a Data Security Incident by Acuity on or about February 15, 2022Data Security Incident.

Specifically excluded from the Settlement Class are: (i) Acuity's officers and directors; (ii) any entity in which Acuity has a controlling interest; (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Acuity (not including employees); and (iv) members of the judiciary to whom this case is assigned, their families and members of their staff.

## 2. What is this case about?

The case is known as *Arbuthnot v. CHS, LLC*, Case No. 6:22-cv-658-PGB-DCI (M.D. FL 2022). The person who sued is called the "Plaintiff," and the company they sued, Acuity – CHS, LLC, is known as the "Defendant" in the case and in this Notice. United States District Judge Paul G. Byron of the United States District Court, Middle District of Florida, is the judge in this case.

Plaintiff filed a lawsuit against Defendant, on behalf of herself and a class of similarly situated individuals, whose PII was potentially accessed as a result of the Data Security Incident.

This lawsuit arises out of a Data Security Incident that was announced by Acuity – CHS, LLC ("Acuity or Defendant") on or about February 15, 2022. The incident involved an unauthorized person gaining access to certain Acuity systems containing personally identifiable information ("PII"). The PII that was potentially accessed during the Data Security Incident varies but may have included for some persons names, and Social Security numbers. Defendant denies any wrongdoing. After learning of the Data Security Incident, notification was sent to approximately 106,910 individuals that their PII may have been impacted by the Data Security Incident.

## 3. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representative, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, best for the Class Members. The Court did not decide in favor of the Plaintiff or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at _____

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

## 5. How do I know if I am included in the Settlement?

You are included in the Settlement as a Settlement Class Member if you were sent Notice of the Data Security Incident by Acuity on or about February 15, 2022. If you have any other questions about the Settlement, visit _____, call toll free _____, or write to _____.

THE SETTLEMENT BENEFITS

## 6.  What does this Settlement provide?

a.  The proposed Settlement will provide the following benefits to Settlement Class Members:

b.  **Compensation or Out-of-Pocket Losses and Lost Time:** Defendant will agree to make available the following compensation to Settlement Class Members who submit valid and timely claim forms.  Claims will be subject to review for completeness and plausibility by the Claims Administrator, and Settlement Class Members will have the opportunity to seek review by a third-party Claims Referee, at Defendant's expense, if they dispute the Claims Administrator's initial determination.

c.  **Compensation for Ordinary Losses**: Defendant will reimburse documented out of pocket expenses incurred as a result of the Data Security Incident, up to a maximum of $500.00 per person, upon submission of a claim and supporting documentation, such as the following losses:

  i.  Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

  ii.  Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between September 30, 2020 and the date of the Settlement Agreement;

  iii.  Compensation for up to three (3) hours of lost time, at $20/hour, for a maximum of up to $60 per person, if at least one (1) full hour was spent dealing with the Data Security Incident.  Class members may submit claims for up to three (3) hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Security Incident.  This payment shall be included in the $500 per person cap for Compensation for Documented Out-of-Pocket Losses and Lost Time.

  iv.  This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, but is exemplary.  Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Security Incident or to mitigating the effects of the Data Security Incident. The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Security Incident.

d.  **Compensation for Extraordinary Losses**:  Defendant will provide up to $3,500 in compensation to each Settlement Class Member who was the victim of actual documented identity theft and documents monetary loss arising from actual identity theft if:

  i.  The loss is an actual, documented, and unreimbursed monetary loss;

  ii.  The loss was more likely than not caused by the Data Security Incident;

  iii.  The loss occurred between September 30, 2020 and the date of the Settlement Agreement;

  iv.  The loss is not already covered by one or more of examples of out-of-pocket loss listed above; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

e.  **Credit Monitoring**: Defendant will pay for credit monitoring services as follows:

  All Settlement Class Members may claim two (2) years of free credit monitoring services. If a Settlement Class Member claims this benefit, he or she will be mailed an activation code and instructions to the address he or she provides on the Claim Form after the Settlement becomes

4

final. The Settlement Class Member will need to follow the instructions and use the activation code that he or she receives in the mail to enroll in the services. Credit monitoring protections will not begin until the Settlement Class Member uses the activation code to enroll in the services. Settlement Class Members may provide an email address on the Claim Form if they prefer to receive their instructions and activation code via email, rather than by mail.

### 7.  How to submit a Claim?

All Claims will be reviewed by the Settlement Administrator and/or a claims referee. You must file a Claim Form online or by submitting a completed Claim Form by mail to get any money or benefits from the proposed Settlement. Claim Forms must either be submitted online by _____ or be postmarked no later than _____. You can download a Claim Form at _____ or you can call the Claims Administrator at _____ to request that a Claim Form be mailed to you.

### 8.  What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue the Defendant and its Released Persons (all subsidiary, parent and related entities, all officers, directors, shareholders, employees, attorneys, insurers, successors, and persons who acted on their behalf) regarding the claims in this case. The Settlement Agreement, which includes all provisions about settled claims, releases, and Released Persons, is available at _____.

The only way to keep the right to sue is to exclude yourself (Question 10), otherwise you will be included in the Settlement Class, if the Settlement is approved, and you give up the right to sue for the claims in this case.

### 9.  Will the Class Representatives receive compensation?

No.  The  Class Representative  will be able to make the same claims as every other Settlement Class Member, but will receive no additional compensation  for her service to the Class.

5

**EXCLUDE YOURSELF**

**10. How do I exclude myself from the Settlement?**

If you do not want to be included in the Settlement, you must either submit the Exclusion Form online on the Settlement Website by _____, or send a written request for exclusion, postmarked no later than _____ to:

[ADDRESS]

Your written request for exclusion must state your name and address (or the name and address of the person seeking exclusion) and must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the Acuity lawsuit."

If you exclude yourself, you will not be able to receive any cash benefits from the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you will keep your right to sue the Defendant on your own for the claims that this Settlement involves.

You may visit the Settlement Website at _____ to download an Exclusion Form. You may also obtain an Exclusion Form by calling the Settlement Administrator at _____.

**11. If I do not exclude myself, can I sue later?**

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this Settlement resolves.

**12. What happens if I do nothing at all?**

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any benefits from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

**THE LAWYERS REPRESENTING YOU**

**13. Do I have a lawyer in the case?**

Yes. The Court has appointed John A. Yanchunis of Morgan & Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC (called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees and litigation expenses in an amount not to exceed $255,000.00. A copy of Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards will be posted on the Settlement Website, _____, after it is filed. The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

**OBJECTING TO THE SETTLEMENT**

**15. How do I tell the Court that I do not like the Settlement?**

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you can submit an Objection telling it why you do not think the Settlement should be approved. Objections must be submitted in writing and include all the following information:

(i)     the title of the case;

(ii)    your name, address, and telephone number;

(iii)   all legal and factual bases for your objection; and

(iv)    copies of any documents that you want the Court to consider.

Should you wish to appear at the Final Approval Hearing, you must so state, and you must identify any documents or witnesses that you intend to call on your behalf.

Your Objection must be submitted to the Clerk of the Court by first-class U.S. mail, received no later than _____, to:

[ADDRESS]

It must include the case name and docket number: *Arbuthnot v. CHS, LLC*, Case No. 6:22-cv-658-PGB-DCI (M.D. FL 2022) (the "*Arbuthnot* Action"). In addition, you must mail a copy of your Objection to Class Counsel and Defense Counsel postmarked no later than _____:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| David K. Lietz<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>5335 Wisconsin Avenue NW<br>Suite 440<br>Washington, DC 20015 | Jon Kardassakis<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>633 W. 5th Street<br>Suite 4000<br>Los Angeles, CA 90071 |

If you do not submit your Objection with all requirements, or if your Objection is not received by _____, you will be considered to have waived all Objections and will not be entitled to speak at the Final Approval Hearing.

**16. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE FINAL APPROVAL HEARING

**17.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at _____ **[a.m./p.m.]** on _____, at Courtroom _____, of the _____. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be approved. If there are valid Objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of attorneys' fees and costs to Class Counsel and the request for Service Awards to the Class Representatives.

**18.   Do I have to come to the hearing?**

No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your Objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary.

**19.   May I speak at the hearing?**

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an Objection according to the instructions in Question 15, including all the information required. You cannot speak at the hearing if you exclude yourself from the Settlement.

### DO NOTHING

**20.   What happens if I do nothing?**

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you will release the claims against Defendant described in Question 8.

### GET MORE INFORMATION

**21.   How do I get more information about the Settlement?**

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the complaint, the Court's Preliminary Approval Order, Class Counsel's Application for Attorneys' Fees and Expenses, and more, please visit _____or call _____. You may also contact the Settlement Administrator at _____----

PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGES, OR
DEFENDANT, OR DEFENDANT'S COUNSEL.

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHANNON ARBUTHNOT, individually
and on behalf of all others similarly
situated,

            *Plaintiff,*

   v.

ACUITY – CHS, LLC f/k/a
COMPREHENSIVE HEALTH
SERVICES
LLC,

         *Defendant.*

**Case No. 6:22-cv-658-PGB-DCI**

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

     Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of

Class Action Settlement **(Doc. No. ___)** (the "Motion"), the terms of which are set

forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to

Plaintiff's Motion (the "Settlement Agreement").[1]

     Having fully considered the issue, the Court hereby **GRANTS** the Motion and

**ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action
Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement
Agreement, unless otherwise indicated.

1.     **Class Certification for Settlement Purposes Only**. The Settlement

Agreement provides for a Settlement Class defined as follows:

> All persons to whom Defendant sent Notice of the Data Security
> Incident that gives rise to this suit (the "Data Security Incident").

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that

giving notice is justified. The Court finds that it will likely be able to approve the

proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will

likely be able to certify the Settlement Class for purposes of judgment on the Settlement

because it meets all of the requirements of Rule 23(a) and the requirements of Rule

23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement

Class is so numerous that joinder of all Settlement Class Members would be

impracticable; b) there are issues of law and fact that are common to the Settlement

Class; c) the claims of the Class Representative are typical of and arise from the same

operative facts and the Class Representative seeks similar relief as the claims of the

Settlement Class Members; d) the Class Representative will fairly and adequately

protect the interests of the Settlement Class as the Class Representative has no interest

antagonistic to or in conflict with the Settlement Class and have retained experienced

and competent counsel to prosecute this Lawsuit on behalf of the Settlement Class; e)

questions of law or fact common to Settlement Class Members predominate over any

questions affecting only individual members; and f) a class action and class settlement

is superior to other methods available for a fair and efficient resolution of this Lawsuit.

2.      **Settlement Class Representative and Settlement Class Counsel**. The Court finds that Plaintiff Shannon Arbuthnot will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Representative. Additionally, the Court finds that John A. Yanchunis of Morgan & Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.      **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.      **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

3

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on

_____, 202___, at the United States District Court, Middle

District of Florida, George C. Young Federal Annex Courthouse, 401 West Central

Boulevard, Courtroom _____, Orlando, Florida 32801 [or via telephone or

videoconference], among other things, whether: (a) this Lawsuit should be finally

certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and

(b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and

finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Lawsuit should be dismissed

with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class

Members should be bound by the releases set forth in the Settlement Agreement, and;

(e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs,

and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h).

6.    **Claims Administrator**. The Court appoints _____ as

the Claims Administrator, with responsibility for class notice and settlement

administration. The Claims Administrator is directed to perform all tasks the

Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant

to the terms of the Settlement Agreement.

7.    **Notice**. The proposed Notice Plan set forth in the Settlement Agreement

and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A,

B, and C are hereby approved. Non-material modifications to these Exhibits may be

4

made with approval by the Parties, but without further order of the Court.

       8.    **<u>Findings Concerning Notice</u>**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and the Due Process Clause(s) of the United States and Florida Constitutions. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

      The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

       9.    **<u>Class Action Fairness Act Notice</u>**. The Claims Administrator acting on behalf of Defendant shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must be in writing and must state the name and address of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the Acuity lawsuit."

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to, the release set forth in the Final Order and Judgment. Settlement Class Members who submit valid and timely Requests for

6

Exclusion shall not be entitled to receive any benefits from the Settlement.

11. **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court, and to mail copies to Class Counsel and Acuity's counsel. The Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i). the title of the case; (ii) the Settlement Class Member's name, address, and telephone number; (iii) all legal and factual bases for any objection; and (iv) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline established by this Order and stated in the Notice.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their

7

objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Lawsuit, including, but not limited to, the release set forth in the Final Order and Judgment if entered.

12.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the release.

13.     **Termination of Settlement**. This Order shall become null and void and

shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (4) the number of Opt-Outs is greater than 2% of the estimated Settlement Class and Acuity elects to cancel the settlement within 5 business days from the date it receives written notice from the Claims Administrator of the final number of Opt-Outs. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Lawsuit or in any other lawsuit.

9

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

17. **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Claims Administrator acting on behalf of Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Class List to Claims Administrator** | Within 10 days after entry of this Preliminary Approval Order |
| **Notice Deadline for Claims Administrator to Begin Sending Short Form Notice (Either by Postcard or Email, if Available)** | Within 30 days after the entry of Preliminary Approval Order |

10

| Event | Timing |
|---|---|
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses to be Filed by Class Counsel** | At least 14 days prior to the Opt-Out/Objection Deadlines |
| **Postmark Deadline for Requests for Exclusion (Opt-Out) or Objections** | 60 days after Notice Deadline |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Notice Deadline |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 120 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** in Orlando, Florida on this ____day   of   _____,

2023.


_____

HONORABLE PAUL G. BYRON
UNITED STATES DISTRICT COURT
JUDGE

11

**Approved:**

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**

By: _/s/ John A. Yanchunis_
       John A. Yanchunis (FL Bar No. 324681)
       201 N. Franklin St., 7th Floor
       Tampa, FL 33602
       Telephone: (813) 223-5505
       Facsimile: (813) 222-2434
       jyanchunis@forthepeople.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

       David K. Lietz
       5335 Wisconsin Avenue, NW, Suite 440
       Washington, DC 20015
       Telephone:  866.252.0878
       Facsimile:  202.686.2877
       dlietz@milberg.com

       *Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _/s/ Jon P. Kardassakis_
       Jon P. Kardassakis
       633 W. 5th Street, Suite 4000
       Los Angeles, California 90071
       Telephone: 213.680.5040
       Facsimile: 213.250.7900
       jon.kardassakis@lewisbrisbois.com

       *Attorneys for Defendant Acuity – CHS, LLC*

12

EXHIBIT E

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SHANNON ARBUTHNOT, individually
and on behalf of all others similarly
situated,

             *Plaintiff,*

   v.

ACUITY – CHS, LLC f/k/a
COMPREHENSIVE HEALTH
SERVICES
LLC,

        *Defendant.*

**Case No. 6:22-cv-658-PGB-DCI**

## [PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class

Action Settlement ("Motion for Final Approval") involving Plaintiff Shannon

Arbuthnot ("Plaintiff" or "Class Representative"), on behalf of herself and a class of

similarly situated individuals, and Defendant Acuity – CHS, LLC ("Acuity" or

"Defendant"). The Motion seeks approval of the Settlement as fair, reasonable, and

adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and

Expenses to Class Counsel ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for

Final Approval, and Motion for Attorneys' Fees, and having conducted a final

approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. __)** which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff Shannon Arbuthnot as Class Representative and appointed as Class Counsel John A. Yanchunis of Morgan & Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on _____[DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on _____[DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the

2

Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Acuity, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the

3

Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and having reviewed the materials in support thereof, and good cause appearing:

IT IS ORDERED that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiff's Complaint and Jury Demand against Acuity for failure to implement or maintain adequate data security measures for the sensitive information, which Plaintiff allege directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by Acuity, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the

4

Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons to whom Defendant sent Notice of the Data Security Incident that gives rise to this suit (the "Data Security Incident").

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

> A. Acuity to institute Claims Payment and Settlement Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Acuity.

5

B.      Acuity to pay all costs of Claims Payment and Settlement Administration, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

C.      Acuity to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.     The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.     The Court finds that Acuity has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, ____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14.     Pursuant to the Settlement Agreement, Acuity, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15.    Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.    Pursuant to and as further  described in the Settlement Agreement, Plaintiff and  the Settlement Class Members release claims as follows:

Upon the Effective Date, Plaintiff named in this Settlement Agreement and Release and every Settlement Class Member (except those who timely opt-out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Acuity, all subsidiary, parent and related entities, all officers, directors, shareholders, employees, attorneys, insurers, successors, and persons who acted on their behalf from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to (a) the Data Security Incident; and (b) all other claims or causes of action that were pleaded, or that could have been pleaded based on the Data Security Incident and/or Acuity's response to the Data Security Incident in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

Plaintiff waives any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff agrees that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement, and

8

agree that this is an essential term of the Settlement Agreement. Plaintiff and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiff and Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Security Incident, or any such litigation or claims pending against Acuity.

Released Claims do not include the right of any Settlement Class Member, Class Counsel, or any of the Released Parties to enforce the terms  of  the  Settlement Agreement  and  shall  not  include any claims of Settlement  Class  Members who have  timely  excluded  themselves  from the Settlement Class.

17.    The Court affirms the appointment of John A. Yanchunis of Morgan & Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC as Class  Counsel, and finds that they have  adequately represented the interests of the Settlement Class.

18.    The Court, after careful review of the fee petition filed by Class Counsel, and after  applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $255,000.00. Payment shall be made pursuant to the terms of the Settlement Agreement.

19.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Acuity of any claim, any fact alleged in the Lawsuit, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Acuity or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall  not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Acuity, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including but not limited to enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Acuity that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings

as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

20.   If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Lawsuit, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

21.     Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994) and the parties agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

22.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

23.     This Order resolves all claims against all parties in this action and is a final order and judgment.

**DONE AND ORDERED** in Orlando, Florida on this ____day    of    _____, 2023.

_____
HONORABLE PAUL G. BYRON
UNITED STATES DISTRICT COURT
JUDGE

12

# Acuity - Settlement Agreement

Final Audit Report                                                                 2023-04-03

| | |
|---|---|
| Created: | 2023-03-31 |
| By: | Heather Sheflin (hsheflin@milberg.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAfDl280yuascj96AIslZfhH0FW-xi2rrZ |

## "Acuity - Settlement Agreement" History

Document created by Heather Sheflin (hsheflin@milberg.com)
2023-03-31 - 1:22:16 PM GMT

Document emailed to dlietz@milberg.com for signature
2023-03-31 - 1:24:59 PM GMT

Email viewed by dlietz@milberg.com
2023-03-31 - 4:28:36 PM GMT

Signer dlietz@milberg.com entered name at signing as David Lietz
2023-03-31 - 4:29:31 PM GMT

Document e-signed by David Lietz (dlietz@milberg.com)
Signature Date: 2023-03-31 - 4:29:33 PM GMT - Time Source: server

Document emailed to jyanchunis@forthepeople.com for signature
2023-03-31 - 4:29:35 PM GMT

Email viewed by jyanchunis@forthepeople.com
2023-03-31 - 4:43:50 PM GMT

Signer jyanchunis@forthepeople.com entered name at signing as John a yanchunis
2023-04-03 - 12:57:56 PM GMT

Document e-signed by John a yanchunis (jyanchunis@forthepeople.com)
Signature Date: 2023-04-03 - 12:57:58 PM GMT - Time Source: server

Document emailed to shamrocks_06@yahoo.com for signature
2023-04-03 - 12:58:00 PM GMT

Email viewed by shamrocks_06@yahoo.com
2023-04-03 - 7:17:44 PM GMT

 Adobe Acrobat Sign

Signer shamrocks_06@yahoo.com entered name at signing as Shannon Arbuthnot

2023-04-03 - 7:19:18 PM GMT

Document e-signed by Shannon Arbuthnot (shamrocks_06@yahoo.com)

Signature Date: 2023-04-03 - 7:19:20 PM GMT - Time Source: server

Agreement completed.

2023-04-03 - 7:19:20 PM GMT

Names and email addresses are entered into the Acrobat Sign service by Acrobat Sign users and are unverified unless otherwise noted.

Adobe Acrobat Sign