# Exhibit 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| SHANNON ARBUTHNOT, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-658-PGB-DCI |
| *Plaintiff*, | |
| v. | |
| ACUITY – CHS, LLC f/k/a COMPREHENSIVE HEALTH SERVICES LLC, | |
| *Defendant*. | |

I, David K. Lietz, declare pursuant to 28 U.S.C. § 1746, as follows:

1.      I am one of the attorneys for the Plaintiff and the proposed Settlement Class in this case.  I submit this declaration in support of the Motion for Preliminary Approval of the Class Action Settlement.[1] The facts herein stated are true of my own personal knowledge, and if called to testify to such facts, I could and would do so competently.

2.      I am a 1991 graduate of Georgetown University Law Center.  I have been licensed to practice law in the District of Columbia since 1991, am a member of the bars of numerous federal district and appellate courts, and have decades of litigation and class action experience.

3.      I have represented and am currently representing plaintiffs in more  than 100 class action lawsuits in state and  federal courts throughout the United States. Both I and my firm carry on a national and international class action law practice.

---

[1] Unless otherwise noted, all capitalized terms are defined in the Settlement Agreement and Release (hereinafter "S.A." or Settlement), which is attached the Motion for Preliminary Approval as its **Exhibit A**.

With respect to data privacy cases, I am currently litigating more than one hundred cases across the country involving violations of privacy violations, data breaches, and ransomware attacks.

4.    Since March 14, 2020, I (either individually or as a member of my law firm) have been appointed class counsel in a number of data breach or data privacy cases, including:

a.  *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (appointed co-class counsel in data breach class action settlement involving over 63,000 class members; final approval granted August 2021);

b.  *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D. N.Y.) (class counsel in a data breach class action settlement; final approval granted Feb. 2021);

c.  *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted Dec. 2020);

d.  *Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted Feb. 2021);

e.  *Jackson-Battle v. Navicent Health, Inc.,* Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (appointed class counsel in data breach case involving 360,000 patients; final approval granted Aug. 2021);

f.  *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted Sept. 2020);

g.  *Chacon v. Nebraska Medicine*, Case No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted September 2021);

h.  *Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington (appointed class counsel in data breach case, final approval granted September 2021);

i.  *Martinez et al. v. NCH Healthcare System, Inc.*, Case No. 2020-CA-000996 (Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida) (Mr. Lietz appointed Settlement Class Counsel; final approval granted October 2021);

j.  *Carr et al. v. Beaumont Health et al.*, Case No. 2020-181002-NZ (Circuit Court for the County of Oakland, Michigan) (Mr. Lietz appointed co-class counsel in data breach case involving 112,000 people; final approval granted October 2021);

k.  *Klemm et al. v. Maryland Health Enterprises Inc.*, Case No. C-03-CV-20-022899 (Circuit Court for Baltimore County, Maryland) (appointed class counsel; final approval granted November 2021);

l.  *Cece et al. v. St. Mary's Health Care System, Inc. et al.*, Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (appointed Settlement Class Counsel in data breach case involving 55,652 people; final approval granted April 2022);

m.  *Powers, Sanger et al v. Filters Fast LLC*, Case 3:20-cv-00982-jdp (appointed co-lead Settlement Class Counsel; final approval granted July 2022);

n.  *Garcia v. Home Medical Equipment Specialists, LLC*, Case No. D-202-cv-2021-06846 (appointed class counsel; final approval granted June 2022);

o.  *Baldwin et al. v. National Western life Insurance Company*, Case No. 2:21-cv-04066 (W.D. Mo.) (appointed co-class counsel; final approval granted June 2022);

p.  *Hashemi, et. al. v. Bosley, Inc.*, Case No. 21-cv-00946-PSG (RAOx) (C.D. CA) (appointed co-class counsel; final approval granted November 2022);

q.  *Paras et al. v. Dental Care Alliance*, Civil Action No. 22EV000181 (State Court of Fulton County, Georgia (appointed co-class counsel; final approval granted September 2022);

r.  *James v. CohnReznick LLP*, Case No. 1:21-cv-06544 (S.D.N.Y.), (appointed as co-class counsel; final approval granted September 2022);

s.  *Purvis, et al v. Aveanna Healthcare, LLC*, Case No. 1:20-cv-02277-LMM (N.D. Ga.) (appointed class counsel; final approval granted October 2022);

t.  *Kolar v. CSI Financial Services LLC dba ClearBalance*, Case No. 37-2021-00030426-CU-NP-CTL (Superior Court of San Diego County, California) (appointed co-lead class counsel, final approval granted January 2023);

u.  *In re: California Pizza Kitchen Data Breach Litigation*, Master File No.: 8:21-cv-01928-DOC-KES (C.D. CA) (appointed settlement class counsel; final approval granted February 2023);

v.  *Snyder v. Urology Center of Colorado, P.C.*, Case No. 2021CV33707 (2nd District Court, Denver County, Colorado) (appointed settlement class counsel; final approval granted October 2022);

w.  *Steen v. The New London Hospital Association, Inc.*, Civil Action No. 217-2021-CV-00281 (Merrimack Superior Court, New Hampshire) (appointed class counsel; final approval granted January 2023);

x.  *Gonshorowski v. Spencer Gifts LLC*, Docket Number ATL-L-000311-22 (Superior Court of New Jersey, Law Division, Atlantic County (appointed Class Counsel; final approval granted March 2023);

y.  *Nelson et. al v. Bansley & Kiener, LLP*, Civil Action No. 2021CH06274 (Ill. 1st Jud. Cir. Crt., Cook Cnty.) (appointed class counsel; final approval granted November, 2022);

z.  *Henderson et al. v. San Juan Regional Medical Center*, Case No. D-1116-CV-2021=01043 (11th Jud. Dist. Court, San Juan County, NM) (appointed class counsel; final approval granted March 2023);

aa. *Cathy Shedd v. Sturdy Memorial Hospital, Inc.*, Civ. Action No: 2173 CV 00498 (Mass. Sup. Ct. Dept.) (appointed class counsel; final approval granted February 2023);

bb. *Pagan et al. v. Faneuil, Inc.*, Civil Action No. 3:22-cv-297 (E.D. Va.)(appointed class counsel; final approval granted February 2023);

cc. *Hawkins et al. v. Startek, Inc.*, Case No. 1:22-cv-00258-RMR-NRN (USDC CO)(appointed class counsel; preliminary approval granted October 21, 2022);

dd. *McManus v. Gerald O. Dry*, P.A., Case No. 22 CVS 001776 (N.C. Superior Court for Cabarrus County (appointed settlement class counsel; final approval granted March 2023);

ee. *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (USDC MD TN)(appointed class counsel; preliminary approval granted December 6, 2022),

ff. *Lopez v. San Andreas Regional Center*, Case N0. 21CV386748 (Sup. Ct. CA, Santa Clara County) (appointed settlement class counsel; preliminary approval granted December 13, 2022), and;

gg. *Charlie, et al. v. Rehoboth McKinley Christian Health Care Services*, Civil No 21-652 SCY/KK (USDC NM) (appointed class counsel, preliminary approval granted January 2023).

5.      I am also lead counsel on the following cases that are on the cutting edge of Article III federal court jurisdiction in data breach litigation—*Charlie v. Rehoboth McKinley Christian Healthcare Services*, Civ. No. 21-652 SCY/KK, 2022 WL 1078553 (D.N.M. April 11, 2022); *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-CV-04066-WJE, 2021 WL 4206736, at *1 (W.D. Mo. Sept. 15, 2021) and *McCreary v. Filters Fast LLC*, No. 3:20-CV-595-FDW-DCK, 2021 WL 3044228 (W.D.N.C. July 19, 2021).

6.      For my substantial efforts in advancing the state of the law in data breach and cyber-security litigation, in April 2022 I was named to Law360's 2022 Cybersecurity & Privacy Editorial Board. This 12-person editorial board includes some of the most accomplished attorneys in the country in the cybersecurity and data breach legal field, and it is a high honor for me to be included on this board.

7.      I have been appointed as class counsel in other consumer class action cases and have tried consumer class action cases to verdict before a jury, most recently in *Baez v. LTD Financial Services*, Case No: 6:15–cv–1043–Orl–40TBS (MD Fla., Byron, J.).

8.      My experience with class actions also includes a leadership role in a Massachusetts WalMart wage abuse class action, national HMO litigation, the Buspirone MDL, and Louisiana Norplant litigation.

9.      In addition to my class action experience, I have substantial appellate experience, successfully briefing and arguing multiple cases before a number of federal appellate courts, including *Home Depot v. Jackson* at the U.S. Court of Appeals for the

Fourth Circuit, and served as part of the successful brief-writing and oral advocacy

team for *Home Depot v. Jackson*, 139 S. Ct. 1743, 1744, 204 L. Ed. 2d 34 (2019) at the

United States Supreme Court.

10.     Prior to concentrating my practice on consumer class action litigation, I

litigated critical injury and wrongful death actions arising from commercial incidents,

such as tractor trailer incidents, industrial explosions, a subway collision, and

commercial airplane crashes. A representative list of my critical injury and wrongful

death cases include:

- Represented the family of the deceased conductor of the Washington Metropolitan Area Transit Authority subway train that collided with another Metro train in 2009.
- Represented the family of a fatality victim of the 2006 Greyhound bus crash near Elizabethtown, New York.
- Represented six victims (four deceased, two injured) of a massive fog related pileup on the Pennsylvania Turnpike in 2003.
- Represented three victims (two deceased, one injured) of the 2002 Interstate 40 Bridge Collapse, where a tugboat and barge hit an interstate highway bridge near Webbers Falls, Oklahoma and caused several vehicles to plunge into the Arkansas River.
- Represented the family of one victim of the 2000 Alaska Airlines Flight 261 crash, where an MD-83 with a cracked jackscrew nosedived into the water off Point Mugu, California.
- Represented the victims (one deceased, one critically injured) of a 2000 incident where a tractor trailer rear ended a line of stopped traffic near Hopkinsville, Kentucky.
- Represented a critically burned victim of the 1998 explosion at the State Line Energy plant in Hammond, Indiana, where a massive coal dust explosion ripped through the power plant, causing power shortages all over the city of Chicago, Illinois.
- Represented the families of four victims of the 1996 Valujet Flight 592 crash, where a DC-9 developed a cargo hold fire and crashed into the Everglades near Miami, Florida.

- ▪ Represented the family of a victim of a 1994 crane collapse in Laughlin, Nevada, when a mobile truck crane toppled across the parking lot of a casino.

11.    I negotiated several million+ dollar settlements, served as lead counsel in multiple civil actions, tried a number of cases to verdict in both jury and bench trials, and argued cases before federal district and appeals courts, and numerous state courts. I have lifetime verdicts and settlements in excess of $100 million, and consistently achieved settlements in the highest quartile of tort and mass tort cases. I have litigated against some of the largest transportation-related companies in the US, including Greyhound, Goodyear, Cessna, Textron, and the Washington Metropolitan Area Transit Authority (WMATA).

12.    Plaintiff requests that the Court appoint me, David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, and John A. Yanchunis and Patrick Barthle of Morgan & Morgan and (hereinafter "Class Counsel"), as Settlement Class Counsel (collectively, "Class Counsel"). Class Counsel have invested considerable time and resources into the investigation of the facts underlying the claims and the prosecution of this action.   Since the outset of this litigation, the firms have cooperatively and effectively collaborated to prosecute, and ultimately resolve, this case on behalf of their clients and the Class.   They have performed work critical to achieving benefits for the Class, including by investigating the facts surrounding the Data Security Incident, researching and analyzing legal claims under state and federal law and common law, preparing and filing the Complaint, motion and discovery practice, participating in meetings with defense counsel to discuss the parties' respective positions, negotiating the proposed Settlement, and drafting this motion for preliminary approval.

13.    As noted above, and as reflected in our respective resumes and biographies filed herewith, Class Counsel are qualified, experienced, and able prosecute this litigation.  Class Counsel have a wealth of experience in litigating complex class action lawsuits similar to this one and have extensive knowledge of the applicable law and sufficient resources to commit to the Settlement Class.

14.    Throughout the pendency of this case, my co-counsel and I have maintained regular contact with the Plaintiff to discuss with her the prosecution of the case.  Plaintiff has been actively involved with the litigation, reviewing the draft complaint prior to filing and providing information and documents in order to respond to Defendant's formal discovery requests. With the assistance of counsel, Plaintiff has been at the helm of this case and continues to be focused on the advancement of the interests and claims of the Class over her own interests.  Plaintiff has always been concerned about obtaining a result that was best for the Class. Plaintiff is an adequate class representative with no conflicts of interest.

15.    This Action was initiated or about on April 4 2022, when Plaintiff filed this putative class action alleging that Defendant, Acuity – CHS, LLC ("Acuity" or "Defendant") (all parties collectively referred to as the "Parties"), failed to adequately safeguard its patients' electronically stored personally identifiable information ("PII") in connection with a cybersecurity incident announced by Acuity on or about February 15, 2022 ("Data Breach").  (Doc. 1). Therein Plaintiff alleged causes of action against Acuity for: (i) negligence; (ii) unjust enrichment; and, (iii) negligence *per se*.

16.    On May 27, 2022, Acuity filed a Motion to Dismiss Plaintiffs' Complaint as a whole for failure to state a claim under Rules 12(b)(1) and 12(b)(6). (Doc. 21). Acuity's Motion to Dismiss was fully briefed on July 18, 2022. (Doc's 26, 32)

17.    While Acuity's Motion was still pending and with the benefit of formal discovery, the Parties agreed to engage in voluntary settlement negotiations. Specifically, I reached out to defense counsel to gauge Defendant's interest in a

possible resolution. After getting a positive response, I prepared and forwarded a formal demand to defense counsel that included a draft term sheet that laid out the outlines of a potential settlement.  The terms sheet included multiple "buckets" of relief, each of which needed to be negotiated separately. There was considerable back and forth on each and all of these "buckets" of relief, with both Parties being guided by their knowledge of data breach cases generally, and settlements achieved in other data breach cases specifically.

18.    After multiple weeks of these arms'-length negotiation between competent and experienced counsel for the Parties, on February 2, 2023, the Parties agreed to the terms of a settlement, and filed a Notice of Settlement. (Doc. 41). Considering the Notice, this Court entered an order administratively closing the case, subject to reopening within 60-days. (Doc. 42).

19.    This Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Parties (as defined in the Settlement Agreement) relating to the Data Security Incident, by and on behalf of the Plaintiff and Settlement Class Members (as defined in the Settlement Agreement).

20.    The Settlement provides for the payment of claims made by Settlement Class Members for (a) documented out of pocket expenses incurred as a result of the Data Security Incident, of up to $500.00 per person; (b) compensation for up to 3 hours of lost time, at $20/hour, for time spent dealing with the Data Breach; (c) up to $3,500.00 per person in compensation for Extraordinary Losses; as well as (d) two (2) years of credit monitoring for each Settlement Class Member. S.A. § 3. The Settlement also helps protect the PII of Plaintiff and Settlement Class Members going forward via the security-related improvements Acuity has implemented related to its cybersecurity since the Data Security Incident. S.A. § 4.

21.    The parties negotiated Class Counsel's attorneys' fees, costs, and expenses only after they had reached an agreement on the benefits afforded to the Settlement Class.

22.    Defendant has agreed that Class Counsel is entitled to seek an award of reasonable attorneys' fees, costs, and expenses for prosecuting this action not to exceed $255,000.00. S.A. § 8.

23.    After investigating the facts and carefully considering applicable law, Plaintiff and Class Counsel have concluded that it is in the best interests of the Settlement Class Members to enter into the Settlement in order to avoid the uncertainties of litigation and to assure meaningful and timely benefits to the Settlement Class Members. I, along with the Plaintiff and Class Counsel, respectfully submit that the terms and conditions of this Settlement are fair, reasonable, adequate, and in the best interests of all Settlement Class Members.

24.    Throughout the settlement process, my co-counsel and I carefully weighed with the Plaintiff: (1) the benefits to the Class under the terms of this Settlement Agreement, which provides significant relief to the Class; (2) the quantum of damages which might have been sustained by individual Settlement Class Members, the likelihood that in the absence of a class action consumers would not pursue individual claims, particularly due to the high cost and expense, including the cost of cyber and damage experts to litigate these claims if pursued in individual litigation, and the fact that the quantum of damages would not justify the retention of an attorney, either on an hourly or contingent basis, to pursue the claims individually; (3) the difficulty in proving and calculating those damages; (4) the attendant risks and uncertainty of litigation, as well as the difficulties and delays inherent in such litigation including the challenges to certification of a class; (5) Defendant's vigorous defense of the litigation and continued denial of the claims contained in the Complaint; (6) the desirability of consummating the present Settlement Agreement to ensure that the

Class receives a fair and reasonable Settlement; and (7) providing Settlement Class
Members prompt relief.

25.    In particular, it is my opinion that the Settlement Agreement provides
significant benefits to Settlement Class Members.

26.    The relief provided by the Settlement is reasonable and adequate,
particularly in light of the risks and delay of trial and associated appeals. At bottom,
Plaintiff faced difficult hurdles certifying a class.

27.    Further, the proposed Settlement Class is functionally equivalent to that
alleged in the Complaint. The proposed Settlement Class is defined as the:

> All persons to whom Defendant sent Notice of the Data
> Security Incident that gives rise to this suit (the "Data
> Security Incident").
>
> Specifically excluded from the Settlement Class are: (i)
> Acuity's officers and directors; (ii) any entity in which
> Acuity has a controlling interest; and (iii) the affiliates, legal
> representatives, attorneys, successors, heirs, and assigns of
> Acuity (not including employees). Also excluded from the
> Settlement Class are members of the judiciary to whom this
> case is assigned, their families and members of their staff.
> The Settlement Class is estimated to include approximately
> 106,910 individuals.

28.    Given my experience in class actions generally, I expect that the Notice
Program in this case will produce a positive claims rate. The Notice Program involves
direct notice to the approximately 106,910 Settlement Class Members for whom
physical addresses or email addresses are available. S.A. § 8. Notice will also be
provided through the Settlement Website and telephone line established by the
Settlement Administrator.

29.    Plaintiff seeks certification of a nationwide class. All members of the
proposed Settlement Class are entitled to the same benefits. All Settlement Class
Members who do not exclude themselves from the Settlement will be eligible to submit

claims. The dollar amounts of these reimbursements may vary, but those differences reflect the differing amounts of losses that Settlement Class Members incurred as a result of the Data Security Incident.  Thus, each Settlement Class Member who submits a valid claim will be paid proportionate to the harm they suffered. And all Settlement Class Members are eligible to claim Credit Monitoring services.

30.    With the benefit of formal discovery, and the Parties exchange of information in the mediation setting, this provided Class Counsel—along with my prior experience in similar litigation and communications with many consumers in those cases and the one before the Court—with the ability to make a well informed decision about the litigation risks and the benefits of the Settlement.

31.    Given my experience with class action settlements, it is my informed opinion that the Notice Program, with all attendant forms and as outlined in the Settlement, makes every effort to ensure that Class Members will be made aware of their right to a recovery under the Settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of March, 2023 at Washington, D.C.


_David K Lietz_

_____
DAVID K LIETZ
David K. Lietz (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Phone: (866) 252-0878
Email: dlietz@milberg.com

*Attorney for Plaintiff and the Proposed
Settlement Class*

14

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHANNON ARBUTHNOT, individually
and on behalf of all others similarly
situated,

          *Plaintiff,*

   v.

ACUITY – CHS, LLC f/k/a
COMPREHENSIVE HEALTH
SERVICES
LLC,

          *Defendant.*

Case No. 6:22-cv-658-PGB-DCI

I, John A. Yanchunis, declare pursuant to 28 U.S.C. § 1746, as follows:

1.     I have been licensed to practice law in the state of Florida since 1981.

2.     I am one of the attorneys for the Plaintiff and the proposed Settlement Class in this case.  I submit this declaration in support of the Motion for Preliminary Approval of the Class Action Settlement.[1] The facts herein stated are true of my own personal knowledge, and if called to testify to such facts, I could and would do so competently.

3.     I lead the Class Action Department at Morgan & Morgan.  Morgan & Morgan is the largest Plaintiff's, contingency-only law firm in the country, with over 800 lawyers in more than 50 offices throughout the United States. Its depth as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country.

4.     My practice—which began after completing a two-year clerkship with United States District Judge Carl O. Bue, Jr., Southern District of Texas, Houston

---

[1] Unless otherwise noted, all capitalized terms are defined in the Settlement Agreement and Release, which is attached the Motion for Preliminary Approval as its **Exhibit 1**.

Division—has concentrated on complex litigation and spans over 40 years, including consumer class actions for more than two-thirds of that time. I have represented consumers in numerous successful class actions involving a wide variety of claims and topics from anti-trust, securities, civil rights, defective products, deceptive and unfair trade practices, common law fraud, and the protection of the privacy rights of consumers.

5.     I was appointed co-lead counsel in the successful prosecution of the two largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, Case No. 03-61063-JEM, and *Fresco v. R.L. Polk,* Case 0:07-cv-60695-JEM (Southern District of Florida). These cases were filed against the world's largest data and information brokers—Experian, R.L. Polk, Acxiom, Reed Elsevier (which owns Lexis-Nexis) and others—to protect the important privacy rights of consumers.

6.     I presently serve, or have served in the past, as lead, co-lead, or class counsel in numerous multi-district litigations across the country in a wide variety of areas affecting consumers. For example, and to name only a few cases in which I have served in leadership, I presently serve as co-lead counsel in the case of *In re: Capitol One Consumer Data Sec. Breach Litig.*, No. 1:19-md-02915 (E.D. Va.). I have also served as co-lead of the *Home Depot Data Breach*, a member of the five-member overall Executive Committee in the *Target Data Breach*, No. 0:14-md-02522-PAM (Dist. Minn.), a member of the five-member Plaintiffs' Steering Committee in *In re: U.S. Office Personnel Mgmt Data Security Breach Litig.*, 1:15-cv-01321-ABJ (D.D.C.), and a member of the Plaintiffs' Steering Committee in *In re Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.). I also served as lead counsel in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK (N.D. Cal.), a case involving a data breach of over 2.9 billion users of Yahoo's email service. The court in that case entered final judgment and approved the settlement of the claims of a class of consumers in the United States and Israel.

2

7.      As a result of my experience in litigation against the insurance industry, including class litigation, I served as lead counsel for the insurance regulators for the state of Florida in connection with their investigations of a number of insurance companies and brokers of allegations of price fixing, bidding rigging, undisclosed compensation and other related conduct, and negotiated a number of settlements with insurance companies and brokers who were the subject of those investigations. These investigations resulted in the recovery of millions of dollars for Florida policyholders and the implementation of changes to the way insurance is sold in Florida and throughout the United States.

8.      During my career, I have tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by The Celotex Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case pended, I served as lead counsel for several insurance companies regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. I was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of my clients.

9.      As result of my experience in the area of class litigation and ethics, I have served as an expert for The Florida Bar on ethical issues arising in class action litigation.

10.     I am currently a member in good standing of The Florida Bar, and of all the bars to which I have been admitted, including the United States Supreme Court, the United States Court of Appeals for the Third, Fifth, Ninth, and Eleventh Circuits, and the United States District Courts of the Southern District of Texas, Northern District of Texas, Western District of Texas, Eastern District of Wisconsin, Middle District of Florida, Southern District of Florida, Northern District of Florida, Eastern District of Michigan, Central District of Illinois and Northern District of Illinois.

3

11.     Plaintiff requests that the Court appoint myself and Patrick A. Barthle II
of my firm, and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC,
as Settlement Class Counsel (collectively, "Class Counsel"). Class Counsel have
invested considerable time and resources into the investigation of the facts underlying
the claims and the prosecution of this action.  Since the outset of this litigation, the
firms have cooperatively and effectively collaborated to prosecute, and ultimately
resolve, this case on behalf of our client and the Class.  They have performed work
critical to achieving benefits for the Class, including by investigating the facts
surrounding the Data Security Incident, researching and analyzing legal claims under
state and federal law and common law, preparing and filing the Complaint, motion
and discovery practice, participating in meetings with defense counsel to discuss the
parties' respective positions, negotiating the proposed Settlement, and drafting this
motion for preliminary approval.

12.     As noted above, and as reflected in our respective declarations filed
herewith, Class Counsel are qualified, experienced, and able prosecute this litigation.
Class Counsel have a wealth of experience in litigating complex class action lawsuits
similar to this one and have extensive knowledge of the applicable law and sufficient
resources to commit to the Settlement Class.

13.     Throughout the pendency of this case, my co-counsel has maintained
regular contact with Plaintiff to discuss with her the prosecution of the case.  With the
assistance of counsel, Plaintiff has been at the helm of this case and continues to be
focused on the advancement of the interests and claims of the Class over her own
interests.  Plaintiff has always been concerned about obtaining a result that was best
for the Class. Plaintiff is an adequate class representative with no conflicts of interest.

14.     After investigating the facts and carefully considering applicable law,
Plaintiff and Class Counsel have concluded that it is in the best interests of the
Settlement Class Members to enter into the Settlement in order to avoid the

uncertainties of litigation and to assure meaningful and timely benefits to the
Settlement Class Members. I, along with Plaintiff and Class Counsel, respectfully
submit that the terms and conditions of this Settlement are fair, reasonable, adequate,
and in the best interests of all Settlement Class Members.

15.    Throughout the settlement process, my co-counsel and I carefully
weighed with the Plaintiff: (1) the benefits to the Class under the terms of this
Settlement Agreement, which provides significant relief to the Class; (2) the quantum
of damages which might have been sustained by individual Settlement Class Members,
the likelihood that in the absence of a class action consumers would not pursue
individual claims, particularly due to the high cost and expense, including the cost of
cyber and damage experts to litigate these claims if pursued in individual litigation,
and the fact that the quantum of damages would not justify the retention of an
attorney, either on an hourly or contingent basis, to pursue the claims individually; (3)
the difficulty in proving and calculating those damages; (4) the attendant risks and
uncertainty of litigation, as well as the difficulties and delays inherent in such litigation
including the challenges to certification of a class; (5) Defendant's vigorous defense of
the litigation and continued denial of the claims contained in the Complaint; (6) the
desirability of consummating the present Settlement Agreement to ensure that the
Class receives a fair and reasonable Settlement; and (7) providing Settlement Class
Members prompt relief.

16.    In particular, it is my opinion that the Settlement Agreement provides
significant benefits to Settlement Class Members.

17.    The relief provided by the Settlement is reasonable and adequate,
particularly in light of the risks and delay of trial and associated appeals. At bottom,
Plaintiff faced difficult hurdles certifying a class.

18.    With the benefit of formal discovery, and the parties exchange of
information, this provided Class Counsel—along with my prior experience in similar

litigation and communications with many consumers in those cases and the one before
the Court—with the ability to make a well-informed decision about the litigation risks
and the benefits of the Settlement.

19.    Given my extensive experience with class action settlements, it is my
informed opinion that the Notice Program, with all attendant forms and as outlined in
the Settlement, makes every effort to ensure that Class Members will be made aware
of their right to a recovery under the Settlement.

20.    I am informed that the cost of settlement administration and notice,
including the payment of the Claims Administrator is expected to be approximately
$115,000.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
foregoing is true and correct.

Executed on April 4, 2023 at Tampa, Florida.


By:  *John Yanchunis*_____
           John A. Yanchunis, Esq.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| SHANNON ARBUTHNOT, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>v.<br><br>ACUITY – CHS, LLC f/k/a COMPREHENSIVE HEALTH SERVICES LLC,<br><br>   *Defendant.* | Case No. 6:22-cv-658-PGB-DCI |

I, Patrick A. Barthle II, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I have been licensed to practice law in the state of Florida since 2012.

2.  I am the third-longest tenured attorney in the Class Action Department of Morgan & Morgan.  Morgan & Morgan is among the largest, if not the largest, exclusively Plaintiff's law firms in the United States, including approximately 800 lawyers and 3,000 support staff.

3.  After attending the University of Florida where I was admitted to the Honors Program and graduated, *cum laude*, with a double major in History and Criminology, I attended Washington and Lee University School of Law, where I graduated *summa cum laude*, was a Lead Articles Editor for the Wash. & Lee Law Review, a member of the Order of the Coif and the Phi Delta Phi Legal Honor Society, and President of the W&L Law Families student organization.  My practice began at

1

Greenberg Traurig, LLP, where I was involved in complex civil, commercial, and environmental litigation. Thereafter, I served as a judicial law clerk for two years to the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida. Following my clerkship, I joined Morgan & Morgan's Complex Litigation Group, where I have been litigating class action cases—almost exclusively—for over seven years.

4.    I have represented consumers in numerous privacy rights and data-breach cases since starting with Morgan & Morgan, including substantive roles in some of the highest profile data breach cases in the country, such as, amongst others: *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (data breach involving 40 million payment cards); *In re Office of Pers. Mgmt. Data Breach*, No. 1:15-mc-01394-ABJ (D.D.C.) (data breach involving millions of federal employees); *Torres v. Wendy's Int'l., LLC*, No. 6:16-cv-210 (M.D. Fla.) (payment card data breach of Wendy's franchise locations); *Adkins. v. Facebook, Inc.*, No. C 18-05982 WHA (JSC) (N.D. Cal.) (data breach involving millions of Facebook users); and *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, 1:17-md-02800 (N.D. Ga.) (data breach involving in excess of 140 million individuals).

5.    I was also very heavily involved in *In re: Yahoo! Inc. Customer Data Security Breach Litigation,* Case No. 16-md-2752, (N.D. Cal.), a data breach class action involving approximately 3 billion Yahoo user accounts.  In that matter, I was deeply involved in discovery, including assisting with the depositions of multiple Chief Information Security Officers ("CISO") and other cybersecurity related witness, taking

the deposition of the Chief Information Officer ("CIO"); as well as assisting with the reports, and defending the depositions, of Plaintiffs' cybersecurity and identity theft experts.

6.      I was appointed as Class Counsel in *Morrow v. Quest*, No.: 2:17-cv-0948(CCC)(JBC) (D.N.J.) (Final Approval entered), a healthcare data breach case involving the loss of private health information (PHI), and in *Abdelmessih v. Five Below Inc.*, Case No. 2:19-cv-01487 (E.D. Pa.) (Final Approval entered), a payment card data breach case.

7.      Apart from data breach cases, I have been appointed as Class Counsel in other consumer class action cases, including in *Swaney v. Regions*, Case No. 2:13-cv-00544-JHE (N.D. Ala.) (TCPA class action, Final Approval entered), *Peterson v. Apria Healthcare Group, Inc.*, Case No. 6:19-cv-00856 (M.D. Fla.) (TCPA class action, Final Approval entered), and *Guidry v. Penn Credit*, Case No.: 6:19-cv-1936-Orl41LRH (M.D. Fla.) (TCPA class action, Final Approval entered). I have also been appointed as Class Counsel in *Richards et al. v. Chime Financial, Inc., et al.*, Case No. 4:19-cv-06864 (N.D. Cal.), a case involving a payment disruption for certain payment card users.

8.      As to contested class certification matters, I was appointed as Co-Class Counsel in *Nolen et al. v. Fairshare Vacation Owners Association*, Case No. 6:20-cv-330-PGB-EJK (M.D. Fla.), a class action case concerning alleged breaches of fiduciary duties involving a Wyndham timeshare program known as Club Wyndham Plus. That matter is currently on appeal before the 11th Circuit Court of Appeals.

3

9.      I also assisted Mr. Yanchunis is prosecuting the *In re Capital One Customer Data Security Breach Litigation*, Case No.: 1:19-md-2915 (E.D. Va.) case, where I was heavily involved in all aspects of discovery including drafting and arguing multiple motions to compel and the taking of various depositions, including multiple corporate representative witnesses for both Capital One and Amazon Web Services, as well as arguing and briefing summary judgment.

10.     Plaintiff requests that the Court appoint myself and John Yanchunis of my firm, and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, as Settlement Class Counsel (collectively, "Class Counsel"). Class Counsel have invested considerable time and resources into the investigation of the facts underlying the claims and the prosecution of this action.  Since the outset of this litigation, the firms have cooperatively and effectively collaborated to prosecute, and ultimately resolve, this case on behalf of Plaintiff and the Class.  We have performed work critical to achieving benefits for the Class, including by investigating the facts surrounding the Data Security Incident, researching and analyzing legal claims under state and federal law and common law, preparing and filing the Complaint, motion and discovery practice, participating in meetings with defense counsel to discuss the parties' respective positions, negotiating the proposed Settlement, and drafting this motion for preliminary approval.

11.     As noted above, and as reflected in our respective declarations filed herewith, Class Counsel are qualified, experienced, and able prosecute this litigation. Class Counsel have a wealth of experience in litigating complex class action lawsuits

similar to this one and have extensive knowledge of the applicable law and sufficient resources to commit to the Settlement Class.

12.    After investigating the facts and carefully considering applicable law, Plaintiff and Class Counsel have concluded that it is in the best interests of the Settlement Class Members to enter into the Settlement in order to avoid the uncertainties of litigation and to assure meaningful and timely benefits to the Settlement Class Members. I, along with the Plaintiff and Class Counsel, respectfully submit that the terms and conditions of this Settlement are fair, reasonable, adequate, and in the best interests of all Settlement Class Members.

13.    Throughout the settlement process, my co-counsel and I carefully weighed with the Plaintiff: (1) the benefits to the Class under the terms of this Settlement Agreement, which provides significant relief to the Class; (2) the quantum of damages which might have been sustained by individual Settlement Class Members, the likelihood that in the absence of a class action consumers would not pursue individual claims, particularly due to the high cost and expense, including the cost of cyber and damage experts to litigate these claims if pursued in individual litigation, and the fact that the quantum of damages would not justify the retention of an attorney, either on an hourly or contingent basis, to pursue the claims individually; (3) the difficulty in proving and calculating those damages; (4) the attendant risks and uncertainty of litigation, as well as the difficulties and delays inherent in such litigation including the challenges to certification of a class; (5) Defendant's vigorous defense of the litigation and continued denial of the claims contained in the Complaint; (6) the

5

desirability of consummating the present Settlement Agreement to ensure that the Class receives a fair and reasonable Settlement; and (7) providing Settlement Class Members prompt relief.

14.    In particular, it is my opinion that the Settlement Agreement provides significant benefits to Settlement Class Members.

15.    The relief provided by the Settlement is reasonable and adequate, particularly in light of the risks and delay of trial and associated appeals. At bottom, Plaintiff faced difficult hurdles certifying a class.

16.    With the benefit of formal discovery, and the parties exchange of information, this provided Class Counsel—along with my prior experience in similar litigation and communications with many consumers in those cases and the one before the Court—with the ability to make a well-informed decision about the litigation risks and the benefits of the Settlement.

17.    Given my extensive experience with class action settlements, it is my informed opinion that the Notice Program, with all attendant forms and as outlined in the Settlement, makes every effort to ensure that Class Members will be made aware of their right to a recovery under the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2023, in Tampa, Florida.

By: */s/ Patrick A. Barthle II*

Patrick A. Barthle II

6