UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANNON ARBUTHNOT,

        Plaintiff,

v.                                                    Case No: 6:22-cv-658-PGB-DCI

ACUITY - CHS, LLC,

        Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 43 (the "**Motion**")), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion (Doc. 43-1 (the "**Settlement Agreement**")).[1]

Upon review of the record, the Court finds that the Motion is due to be granted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

    1.    **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

All persons to whom Defendant sent Notice of the Data Security Incident that gives rise to this suit (the "**Data Security Incident**").

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement (the "**Preliminary Approval Order**") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Lawsuit on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Lawsuit.

2. **Settlement Class Representative and Settlement Class Counsel.** The Court finds that Plaintiff Shannon Arbuthnot will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Representative. Additionally, the Court finds that John A. Yanchunis of Morgan &

Morgan and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on August 11, 2023, at 10:00 am via telephone or videoconference, among other things, whether: (a) this Lawsuit should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved

pursuant to Fed. R. Civ. P. 23(e); (c) this Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement, and; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h).

6.  **Claims Administrator.** The Court appoints Kroll Settlement Administration LLC as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.  **Notice.** The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties, but without further order of the Court.

8.  **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or

4

exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and the Due Process Clause(s) of the United States and Florida Constitutions. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice.** The Claims Administrator acting on behalf of Defendant shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must be in writing and must state the name and address of the person seeking exclusion. Each request must also contain a signed statement

5

to the following effect: "I request to be excluded from the Settlement Class in the Acuity lawsuit."

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to, the release set forth in the Final Order and Judgment. Settlement Class Members who submit valid and timely Requests for

Exclusion shall not be entitled to receive any benefits from the Settlement.

11. **Objections and Appearances.** A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court, and to mail copies to Class Counsel and Acuity's counsel. The Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement Agreement

must be written and must include all of the following: (i). the title of the case; (ii) the Settlement Class Member's name, address, and telephone number; (iii) all legal and factual bases for any objection; and (iv) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline established by this Order and stated in the Notice.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Lawsuit, including, but not limited to, the release set forth in the Final Order and Judgment if entered.

12.   **Claims Process.** Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the release.

13. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (4) the number of Opt-Outs is greater than 2% of the estimated Settlement Class and Acuity elects to cancel the settlement within 5 business days from the date it receives written notice from the Claims Administrator of the final number of Opt-Outs. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order.** This Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Lawsuit or in any other lawsuit.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines.**[2] The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| Claims Administrator acting on behalf of Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement |
| Defendant Provides Class List to Claims Administrator | Within 10 days after entry of this Preliminary Approval Order |
| Notice Deadline for Claims Administrator to Begin Sending Short Form Notice (Either by Postcard or Email, if Available) | Within 30 days after the entry of Preliminary Approval Order |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses to be Filed by Class Counsel | At least 14 days prior to the Opt-Out/Objection Deadlines |
| Postmark Deadline for Requests for Exclusion (Opt-Out) or Objections | 60 days after Notice Deadline |
| Postmark/Filing Deadline for Filing Claims | 90 days after Notice Deadline |
| Motion for Final Approval to be Filed by Class Counsel | At Least 14 days before the Final Approval Hearing |
| Final Approval Hearing | August 11, 2023 at 10:00am |

**DONE AND ORDERED** in Orlando, Florida on April 6, 2023.

---

[2] In line with its typical practice, the Court will keep the case administratively closed, as this status does not impact the Court's ability to handle the remaining issues pertaining to the class settlement.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Approved:

**I.   MORGAN & MORGAN COMPLEX LITIGATION GROUP**

By:  /s/*John A. Yanchunis*
John A. Yanchunis (FL Bar No. 324681) 201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com

**II.   MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

David K. Lietz
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015
Telephone:  866.252.0878
Facsimile:  202.686.2877
dlietz@milberg.com

*Attorneys for Plaintiff*

**III.   LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ *Jon P. Kardassakis*
Jon P. Kardassakis
633 W. 5th Street, Suite 4000 Los Angeles, California 90071
Telephone: 213.680.5040

Facsimile: 213.250.7900
jon.kardassakis@lewisbrisbois.com

*Attorneys for Defendant Acuity – CHS, LLC*